# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

AURORA LOAN SERVICES, LLC,

               Plaintiff,             :        Case No. 3:11-cv-253

                                          District Judge Thomas M. Rose

    -vs-                              Magistrate Judge Michael R. Merz

                                  :

THOMAS MICHAEL WEST, et al.,

               Defendants.

---

## REPORT AND RECOMMENDATIONS

---

       A Notice of Removal was filed in this Court under the above caption on July 20, 2011 (Doc. No. 1).  The case has been referred to the undersigned United States Magistrate Judge under this Court's General Order of Assignment and Reference which provides for the automatic reference of any case filed by a person proceeding *pro se*.  Although the Plaintiff is not proceeding *pro se*, the Clerk correctly interpreted the General Order as applying where the initial filing in this Court is done *pro se*.

       The Notice of Removal was filed by Thomas M. West who is a Defendant in the case which was removed here from the Montgomery County Common Pleas Court.  Mr. West did not pay the filing fee or file a motion for leave to proceed *in forma pauperis* with his Notice of Removal, but has now filed an Affidavit of Indigency which the Clerk has filed as a Motion for Leave to Proceed *in forma pauperis* (Doc. No. 6).

       The Court should deny the Motion for Leave to Proceed *in forma pauperis* and remand this case to the Montgomery County Common Pleas Court for the following reasons.

       First of all, the Affidavit of Indigency is completely conclusory: it does not provide any facts

upon which this Court could conclude that Mr. West is actually unable to pay the $350.00 filing fee. Even in criminal cases in which an indigent defendant is constitutionally entitled to have appointed counsel, the Court requires much more detail showing actual indigence.

Second, even if Mr. West could provide sufficient detail on his financial condition, the case should be remanded because it has been improperly removed. 28 U.S.C. § 1446(b) requires that a notice of removal be filed within thirty days of receipt of the Complaint. The Complaint here was filed in the Common Pleas Court on September 10, 2010. Defendant West filed his Answer (Doc. No. 3) on October 6, 2010, evidencing his receipt of the Complaint at least by then. Therefore the Notice of Removal is untimely. In addition, all Defendants in a state court case must consent to removal and only Mr. West has signed the Notice.

Aware that 28 U.S.C. § 1446(b) requires removal within thirty days, Mr. West asserts this case has become removable because the Common Pleas Court has denied his demand for trial by jury guaranteed by the Seventh Amendment and because the Common Pleas judges who have entered decisions in this case have not been fair and impartial (Notice of Removal, Doc. No. 1, PageID 2-3). The Seventh Amendment to the United States Constitution is not applicable to the States. *McDonald v. Chicago*, 561 U.S. ___, 130 S. Ct. 3020, 3035, n. 13; 177 L. Ed. 2d 894 (2010); *Eilenbecker v. District Court of Plymouth County*, 134 U.S. 31 (1890). Instead, it applies only to courts sitting under authority of the United States, *Pearson v. Yewdall*, 95 U.S. 294 (1877). In any event, denial of a constitutional right by a state court judge does not make a case removable to federal court.

Third, this Court does not have removal jurisdiction under 28 U.S.C. § 1443, the authority relied on by Mr. West. That statute permits removal by a defendant "who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States... ." This is a foreclosure action. There is no federal law of which this

Court is aware or which is cited by Mr. West which provides to a jury trial in foreclosure actions. This Court is, of course, bound to take notice *sua sponte* of its lack of subject matter jurisdiction.*Ford v. Hamilton Inv. Co.,* 29 F.3d 255, 257 (6th Cir. 1994); *In re Millers Cove Energy Co., Inc.*, 128 F.3d 449, 450 (6th Cir. 1997); *Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir. 1992); *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2 (1981); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Therefore it is respectfully recommended that Thomas West be denied leave to proceed *in forma pauperis* and that this case be remanded to the Montgomery County Common Pleas Court for further proceedings.

July 23, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).