**The United States District Court
For The Southern District Of Ohio
Western Division At Dayton**

FILED
JAMES BONINI

2011 AUG 12 PM 12: 33

U.S. ...
SOUT...    ...URT
WEST...  ...OHIO
         ...DAYTON

Thomas M. West
4244 Fulton Avenue
Dayton, Ohio
937-867-0881

     Petitioner / Defendant,
vs.

Aurora Loan Services, LLC,
2617 College Park Drive
Scotts Buff, Nebraska  69361

     Respondent / Plaintiff

Case No. 3:11-cv-253

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

**OBJECTIONS TO
MAGISTRATE REPORT
AND RECOMMENDATIONS**

1.    Now comes the Petitioner / Defendant, Thomas M. West, and submits his objections to the Report and Recommendation of Magistrate Judge Michael R. Merz.

### MANDATE OF TITLE 28 § 1443 (b)

2.    U.S.C. Title 28 § 1443 (b) definitively and adamantly provides;

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

3. ***If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable***, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

4. Magistrate Judge Michael R. Merz provides and as quoted, "The Seventh Amendment to the United States Constitution is not applicable to the States", basing said ruling on the recent 2010 holdings of the United States Supreme Court's ruling in McDonald et al. v. City of Chicago, Illinois," 561 US ___, 130 S. Ct. 3020, 3035, n,13;177 L.Ed 2nd 894 (2010). Said ruling based on the ruling and opinion in Barron v. Baltimore, 32 U.S. (7 Pet.) 243 (1833) in which the United States Supreme Court held that the first ten "amendments contain no expression indicating an intention to apply them to the State governments. This court cannot so apply them."

5. Magistrate Judge Michael R. Merz further provides and as quoted, "In any event, denial of a constitutional right by a state court judge does not make a case removable to federal court.

6. Petitioner advances, that even if the United States Supreme Court's ruling which holds that the first ten "amendments contain no expression indicating an intention to apply them to the ***State Governments*** and that the United States Supreme Court cannot so apply them."

7. Petitioner advances that the State of Ohio is not a party to this civil action and therefore Article VI, Clause 2 of the United States Constitution controls and mandates the actions of a State Judge in regards to a right being demanded and recognized to wit:

This Constitution, and the Laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; ***and the judges in every state shall be bound thereby, anything in the constitution*** or laws of any state to the contrary notwithstanding.

8. Further actions of a State Judge is based on an oath of office to support the constitution.

2.

9.  The right not to be deprived of Life, Liberty, or ***Property***, nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws, except by the judgement of one's peers, in a trial by jury, when demanded, is a historical documented fact and secured right.

10. Due Process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgement upon the question of life, liberty, or property, in its most comprehensive sense; to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. ***If any question of fact or liability be conclusively presumed against him, this is not due process of law.***

11. A Foreclosure Suit is a Two-Part Action The first part is an action to collect money on the note. ***The second part seeks the foreclosure of the equity of redemption on the mortgage and the sale of the property. "Give me the money" vs. "Give me the house."*** Metropolitan Life Ins. Co. v. Triskett Illinois, Inc. (10th Dist. Franklin Cty. 1994), 97 Ohio App. 3d 228, 234, citing Carr v. Cleveland Trust Co. (8th Dist. Cuyahoga Cty. 1947), 48 Ohio L. Abs. 179; Wheatstone Ceramics Corp. v. Turner (12th Dist. Warren Cty. 1986), 32 Ohio App. 3d 21, paragraph two of the syllabus; City Loan & Savings Co. v. Howard (2nd Dist. Greene Cty. 1984), 16 Ohio App. 3d 185. See also National Bank v. Wheelock (1895), 52 Ohio St. 534 and Carr v. Loan Corp. (1947), 148 Ohio St. 533.

12. A real estate mortgage foreclosure action arises from the historical refusal of equity to give effect to the forfeiture provisions of the mortgage instrument and the creation of the equitable right of redemption. Having created the right to redeem, ***it is also necessary to create its corollary, the right to foreclose redemption and enforce the security for the payment of the debt.*** Mortgage foreclosure necessarily rests on the existence of a debt and equity enforcement of that obligation by a decree of foreclosure and sale. Under the principle of plenary equitable jurisdiction, equity may also grant in the foreclosure proceedings the incidental law relief of a deficiency judgment.- Dawes v. Murphy (1963), 119 Ohio App. 201, 203.

13. The existence and/or the lawfulness of the debt and/or note in this case has been adamantly denied by Petitioner / Defendant, Thomas M. West in his answer to the complaint and there has been no judgement rendered on the validity of the debt and/or note and/or even addressed and therefore no corollary has been established to give rise to a equity of redemption on the allege mortgage. Without the validity of a debt, there is no lawful action of foreclosure of a mortgage.

14. The validity of the debt and/or note is a matter of legal fact and/or legal issue and is not a matter of equity, which give rise to the Petitioner / Defendant, Thomas M. West right to a trial by jury on said legal fact and/or legal issue.

15. Further, Respondent / Plaintiff, Aurora Loan Services, LLC, seeks a personal Judgement on the validity of the Note in Count 1 of their original complaint to establish a corollary, which in turn would establish their right of equity of redemption on the allege mortgage.

16. In conclusion, Petitioner / Defendant, Thomas M. West constitutional rights to trial by jury and the right to the equal protection and due process of the laws can not be enforced in the State of Ohio, Montgomery County Common Pleas Court, as evident by the Orders of that court and therefore this court should remove said case to the federal judiciary, strike and/or deny the Report and Recommendation of Magistrate Judge Michael R. Merz.

17. In alternative, that this court, remand this case to the State of Ohio, Montgomery County Common Pleas Court, with an Order, establishing Petitioner / Defendant, Thomas M. West constitutional rights to trial by jury on the legal fact and/or legal issue of the validity of the debt and/or note before proceeding to the Respondent / Plaintiff, Aurora Loan Services, LLC, right of equity of redemption on the allege mortgage.

Respectfully Submitted,

*Thomas M. West*

Thomas M. West
4244 Fulton Avenue
Dayton, Ohio 45439
937-867-0881
sirwest@hotmail.com

## CERTIFICATE OF SERVICE

I, Thomas M. West certify that a copy of the forgoing was served on the party to this action on this **10th** day of August, 2011, by electronic and U.S. Mail.

Counsel for Plaintiff,
Aurora Loan Services, LLC
Reimer, Arnovitz, Chernek & Jeffery Co.., L.P.A.
P.O. Box 968
2450 Edison Blvd.
Twinsburg, Ohio   44087