# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

AURORA LOAN SERVICES, LLC,

       Plaintiff,                  :        Case No. 3:11-cv-253

                                        District Judge Thomas M. Rose
    -vs-                                Magistrate Judge Michael R. Merz

                                    :

THOMAS MICHAEL WEST, et al.,

       Defendants.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This removed case is before the Court on Objections by Defendant Thomas West (Doc. No. 8) to the Magistrate Judge's Report and Recommendations (Doc. No. 7) recommending that

1.    Defendant's Motion to Proceed *in forma pauperis* be denied, and

2.    This case be remanded to the Montgomery County Common Pleas Court because it had been improperly removed.

The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Plaintiff has filed a new Application to Proceed *in forma pauperis* (Doc. No. 9) which cures the problems with his original Application. The Magistrate Judge has granted the new Application and noted that the original is moot. That portion of the Report recommending denial of leave to proceed *in forma pauperis* is withdrawn.

Objections to the Report and Recommendations were due to be filed not later than August 11, 2011, but were not in fact filed until August 12, 2011. On that basis, the Objections could be stricken.

Alternatively, the Objections are without merit. As noted in the Report and Recommendations, there is no federal constitutional right to trial by jury in state court. *Eilenbecker v. District Court of Plymouth County*, 134 U.S. 31 (1890), cited as still good law in *McDonald v. Chicago*, 561 U.S. ___, 130 S. Ct. 3020, 3035, n. 13; 177 L. Ed. 2d 894 (2010). Mr. West makes generalized due process and equal protection claims, but he cites no law to the effect that those provisions of the Constitution mandate civil jury trials in state court. He reminds this Court that state judges take an oath to support the Constitution. While that is true, if the Constitution does not require a jury trial, it is no violation of either the judicial oath or the Supremacy Clause not to grant one. Furthermore, the fact (if it were a fact) that a state judge denies or violates a federal constitutional right in the course of handling a case before him or her does not make that case removable to federal court. Violations of constitutional rights in state civil cases must be cured by the state court of appeals, the state supreme court, or the Supreme Court of the United States.

It is therefore again respectfully recommended that this case be remanded to the Montgomery County Common Pleas Court.

August 12, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it

as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).